```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**KENNEDY MINNIFIELD,**                :

    **Plaintiff,**                    :

**vs.**                                 :    CIVIL ACTION 07-00762-WS-B

**CIRCUIT COURT OF JEFFERSON**          :
**OF COUNTY,** *et al.***,**
                                    :

    **Defendants.**


## REPORT AND RECOMMENDATION

Plaintiff Kennedy Minnifield, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Based upon a careful review of the record, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I.   Nature of Proceedings.**

    **A.   Present Action.**

After Minnifield commenced this action with the filing of his complaint, he was twice directed to refile his complaint utilizing this Court's form for actions alleging violations under 42 U.S.C. § 1983. (Docs. 1, 4, 5, 11 & 12).  While Minnifield's second

amended complaint was filed on this Court's form for actions under 42 U.S.C. § 1983, it is lacking in clarity, as were his prior complaints.  (Docs. 1, 5 & 12).

As best the Court can discern from Minnifield's second amended complaint (Doc. 12), he is suing Grantt Culliver, the warden at the facility where he is incarcerated, for holding him illegally in prison inasmuch as court records have been destroyed.  He also seeks to sue Jefferson County or its Circuit Clerk, Ann Marie Adams, for withholding evidence or documents or destroying them.  (Doc. 12 at 5, 8-9).  Minnifield also asserts that "the Court was not fair about his case," and requests damages.[1]  (Id. at 3, 8).

In an attachment to his second amended complaint, Minnifield alleges that the Attorney General's Office and Jefferson County failed to produce records including mental health records when ordered to do so and that the Court should be fair and rule in his favor.  (Id. at 8).  Minnifield does not identify the court that allegedly ordered the production of the documents, nor does he provide any case information.  He also does not indicate that he ever brought this matter to the attention of the court that purportedly ordered the production.

---

[1]Minnifield was previously advised by the Court that his requests for release, included in his earlier complaints, are not appropriate as release is not a remedy available through an action alleging violations of 42 U.S.C. § 1983. (Doc. 11 at 2); see Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

B.  **Prior Litigation History**.

In an attempt to discern Minnifield's vague allegations, the Court examined the dockets of the federal district courts in Alabama and discovered that Minnifield has filed several other actions.  For example, in Minnifield v. Dees, CA 97-0158-ELN-RRA (N.D. Ala. Oct. 30, 1999), Minnifield filed a habeas petition challenging his 1986 convictions for one count of attempted murder and two counts of first-degree robbery.  (Doc. 59, Report and Recommendation).[2]  His petition was dismissed on the merits.

---

[2]The Report and Recommendation reflects that Minnifield was convicted in Jefferson County, Alabama, "of one count of attempted murder (CC-85-117) and two counts of first degree robbery (CC-85-118 and CC-85-118)."  (Doc. 59 at 1).  He received a sentence of life imprisonment on the attempted murder count and a thirty-year sentence on one robbery count and a forty-year sentence on the other robbery count.  (Id.)  The grounds asserted in his petition were:

> 1) the lineup procedure whereby he was placed in a lineup with men of considerably different physical characteristics tainted the subsequent in-court identification depriving him of due process; 2) the court's refusal to grant his motion for a continuance to enable him to adequately prepare a defense of not guilty by reason of insanity violated his due process rights; 3) the trial court erred in denying his motion to sever the trial; and 4) he was incompetent to stand trial.

(Id. at 2).  The court observed that respondent, in response to the show cause order, filed an answer with a record of Plaintiff's state court proceedings.  (Id.)  In dismissing Plaintiff's action, the court found that Plaintiff's fourth claim was procedurally defaulted, (id. at 3-7), and that Plaintiff did not show that the decision by the Alabama Court of Criminal Appeals on his other claims was "contrary to, or involved an

(Docs. 63, 64).  Several years later, Minnifield filed a second habeas petition, <u>Minnifield v. Culliver</u>, CA 07-0492-WS-B (S.D. Ala. Feb. 27, 2008), which was dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).[3]  (CA 07-0492-WS-B, Docs. 19-21).

Minnifield also filed a § 1983 action, styled <u>Minnifield v. Birmingham Police Dep't, et al.</u>, CA 00-2673-HDB-RRA (N.D. Ala. Dec. 12, 2000).  In that action, Minnifield complained about the denial of his request for records relating to his arrest.  This action was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) because Minnifield named an improper party as a defendant and failed to state a claim for denial of access to the courts. (Docs. 7, 10, 11).  In recommending the dismissal, the court found that "plaintiff ha[d] set forth no facts establishing that the alleged refusal to provide him with copies of the documents related to his arrest was the proximate cause of any prejudice to any nonfrivolous action he had pending in any court."  (Doc. 7 at 3).

In yet another action, <u>Minnifield v. District Attorney David Barber, et al.</u>, CA 97-1754-RRA-RRA (N.D. Ala. Sept. 30, 1997),

---

unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  (<u>Id.</u> at 8).

This Court observes that in the present action, Minnifield indicates that he is currently serving a sentence of life imprisonment emanating from a 1986 conviction.  (Doc. 12 at 6).

[3]The petition in that action indicates that Minnifield was challenging his convictions on the one count of attempted murder and the two counts of first-degree robbery.  (Doc. 1 at 2).

4

Minnifield complained about the criminal proceedings against him and sued the judge, district attorney, and assistant district attorney under 42 U.S.C. § 1983. Upon review, the § 1983 action was dismissed pursuant 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. (Docs. 7, 9).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Minnifield is proceeding in forma pauperis, the Court is reviewing his second amended complaint (Doc. 12) under 28 U.S.C. § 1915(e)(2)(B).[4]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

Moreover, a complaint may be dismissed under 28 U.S.C. §

---

[4]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

5

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555, 127 S.Ct. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557, 127 S.Ct. at 1966 (second brackets in original). "[L]abels and conclusions[] and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. Id. at 555, 127 S.Ct. at 1965. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

In a pro se litigant's action, his allegations are given a liberal construction by the Court. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of

6

Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.   Analysis.**

   **A.   Failure to State a Claim.**

As best the Court can discern, the Defendants to this action appear to be Minnifield's current warden, Grantt Culliver, and Jefferson County or its Circuit Court Clerk, Ann Marie Adams.  (Doc. 12 at 9).  In order to state a claim against a defendant in a § 1983 action, Minnifield must demonstrate that:  "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981) (emphasis added), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  In reviewing Minnifield's second amended complaint, the Court examined his contentions to determine if a violation of a constitutional or federal right was alleged.  This process was rendered difficult as many of the allegations lack clarity, are conclusory, and are pled without providing any supporting facts.

In order to state a claim upon which relief can be granted,

there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, __U.S.__, ___, 129 S.Ct. 1937, 1949 (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. <u>Id.</u> The factual allegations must be more than "an unadorned the-defendant unlawfully-harmed-me accusation." <u>Id.</u> That is, a "'naked assertion[]' devoid of 'further factual enhancement'" is insufficient. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. 1955).

In the case at hand, most of Minnifield's allegations are unadorned accusations, such as failure to produce records when ordered (Doc. 12 at 8), illegally held in prison (<u>id.</u> at 5), "(new facts) new evidence withhold evidence or documents court records been destroy" (<u>id.</u>), "malicious prosecution" (<u>id.</u>), "ethics violation" (<u>id.</u>), Attorney General's office ordered to produce all records and they did not thereby withholding evidence (<u>id.</u> at 8), "case action summary show and reveal destroyed court records" (<u>id.</u> at 5),[5] and as such, they are wholly insufficient and preclude the

---

[5]Attached to the original complaint is a copy of a docket sheet with a notation dated May 3, 2004 that the record on appeal was destroyed. (Doc. 1 at 6). Also included is a letter from the Circuit Court Clerk dated June 21, 2005. The letter identifies the documents which are not in the clerk's file. (<u>Id.</u>

Court from construing a viable claim against each Defendant. It is also noteworthy that Minnifield has not identified the documents that are allegedly missing, which conviction was purportedly impacted by the missing documents, and how the conviction was impacted.

Minnifield's claims are, therefore, not plausible. Id. at ___, 129 S.Ct. at 1950. He has only alleged a possibility, which is insufficient to state a claim. Id. (Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'") (quoting FED.R.CIV.P. 8(a)(2)). Accordingly, Minnifield has failed to state a claim upon which relief can be granted, and his action is due to be dismissed for this reason.

**B. <u>Claim for Denial of Access to Courts</u>.**

Although Minnifield's allegations are deficient, if any claim could be construed based on the scant information provided, it would be one against Defendant Jefferson County or Defendant Adams for denial of access to the courts. In <u>Lewis v. Casey</u>, 518 U.S.

---

at 7). Another attachment is a case action summary reflecting that Minnifield's appeal on the attempted murder count (CC 1985 000117.00) was affirmed on November 16, 1991, and he was denied a request to have his sentence modified as of December 27, 1996. (Id. at 9). The summary also reflects that a motion for production of transcripts, including the sentencing hearing transcript, was denied on April 18, 2001, with a remark that Plaintiff should contact ADOC for the records. (Id. at 11).

343, 116 S.Ct. 2174 (1996), the Supreme Court ruled that an inmate must show that he has suffered an injury in order to have standing to bring a claim for denial of access to courts.  Id. at 349, 116 S.Ct. at 2179.  The required injury is for the inmate to show that he has been frustrated or impeded in the prosecution of his conviction's direct appeal, of his habeas petition, or of his civil rights action implicating a basic constitutional right[6] and that this underlying action was nonfrivolous.  Id. at 353-54, 116 S.Ct. at 2181-82.  The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187 (2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, Minnifield does not identify a specific nonfrivolous action in which he has been injured or will be injured on account of the missing, unidentified documents.  He has, therefore, failed to establish that he has suffered a harm or will suffer a harm of the type described in Lewis v. Casey, supra, so as to have standing to bring an access-to-courts claim against

---

[6]The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

Defendant Jefferson County or Defendant Adams.  Accordingly, Minnifield has failed to state a claim for the denial of access to the courts.  Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because Plaintiff made no showing the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

**C. Claim for Illegal Incarceration.**

In regard to Minnifield's claim against Defendant Culliver for holding him illegally, the Court observes that Minnifield has proffered no facts in support of his contention that he is being held illegally.  To the extent Minnifield is contending that his conviction is invalid on account of documents being destroyed or not being produced, his claim is foreclosed by the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).  In Heck, the Supreme Court held that a damages claim in a § 1983 action that would have the effect of invalidating an outstanding conviction or sentence if the Court were to rule favorably on it was not allowed to proceed until the underlying conviction or sentence had been invalidated, because until then, the Court reasoned, no cause of action exists.  Id. at 486-87, 114 S.Ct. at 2372-73.  The Heck Court analogized the claim to a common-law cause of action for malicious prosecution, which requires that the accused prove the termination of the prior criminal proceeding in his favor.  Id. at 484, 114 S.Ct. at 2371.  Thus, the Court ruled that in order to

recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Id. at 486-87, 114 S.Ct. at 2372.

As noted supra, Minnifield's prior attempt to attack his convictions and sentences for attempted murder and robbery through federal habeas petitions have been rejected. See Minnifield v. Dees, CA 97-0158-ELN-RRA (N.D. Ala. Oct. 30, 1999); Minnifield v. Culliver, CA 07-0492-WS-B (S.D. Ala. Feb. 27, 2008).  Thus, Minnifield cannot establish that the convictions and sentences for which he is currently incarcerated have been invalidated in a manner prescribed by Heck.  While Minnifield asserts, in his second amended complaint that his sentences were reversed, the reversal referenced by Minnifield was obviously for an unrelated conviction and sentence.  The Court's research reveals that a remand was issued by the Alabama Supreme Court, in Ex Parte Minnifield, 530 So.2d 249 (Ala. Jan. 8, 1988), and that following remand, the court of criminal appeals reported that Minnifield's case was nol-prossed in the trial court pursuant to an agreement of

the parties. Minnifield v. State, 530 So.2d 249 (Ala. Crim. App. Mar. 8, 1988). However, the trial court's case summary for CC 1985 000117.00, reflects that Minnifield's appeal on the attempted murder count was affirmed on November 16, 1991 and that his request to have his sentence modified was denied on December 27, 1996 (Doc. 1 at 9). Indeed, Minnifield has not established that the convictions and sentences for which he is currently incarcerated have been invalidated[7]; thus, Heck would bar his claim against Defendant Culliver. Accordingly, this claim is due to be dismissed with prejudice for failure to state a claim. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (affirming the dismissal with prejudice of a claim barred by Heck).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

[7]The Court does not have the benefit of the state trial court's summary sheets for CC 1985.118.00, and CC 1985.119.00, the two robbery cases; however, Minnifield has proffered no evidence which suggests that either of the robbery cases was the subject of the remand in Ex Parte Minnifield, 550 S.2d 249 (Ala. Jan. 8, 1988). Even if they were, Minnifield is still being lawfully incarcerated as a result of his conviction and sentence for attempted murder.

**DONE** this **24th** day of **August, 2009.**

                                        <u>/S/ SONJA F. BIVINS</u>
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

15

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.